**Steven PICHT, Plaintiff–Appellant,**

v.

**Togo D. WEST, Secretary of Veterans Affairs, Defendant–Appellee.**

No. 01–4299.

United States Court of Appeals, Sixth Circuit.

May 22, 2003.

BEFORE: CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.*

Plaintiff, Steven Picht, appeals from the district court's judgment entered on November 14, 2001, granting summary judgment to Defendant, Togo D. West, Secretary of Veterans Affairs, thereby dismissing Plaintiff's claim brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging reverse gender discrimination.

Plaintiff, who is male, began his employment with the Department of Veteran's Affairs ("the Department"), of which Defendant is Secretary, on October 2, 1978. After a series of employment issues leading to various disciplinary measures being taken, Plaintiff was eventually terminated

on June 4, 1999. Plaintiff was forty-six years old at the time. Plaintiff filed an administrative complaint with the Department's Office of Employment Discrimination, on July 9, 1999, alleging gender and age discrimination and reprisal. The Department issued its Final Agency Decision on July 18, 2000. concluding that Plaintiff "failed to establish by a preponderance of the evidence that he was the subject of ongoing discrimination and harassment, based on his sex, age, and reprisal by the Veterans Canteen Service staff, regarding the claims set forth in his EEO complaint." Thereafter. Plaintiff filed the instant claim in district court.

Plaintiff's complaint set forth two causes of action. In Count I, Plaintiff alleged that Defendant unlawfully discriminated against him because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq.* ("ADEA"). In Count II of the complaint. Plaintiff alleged that Defendant unlawfully discriminated against him because of his gender, in violation of Title VII. At the completion of discovery, Defendant moved for summary judgment on both counts. Plaintiff filed a brief in opposition to Defendant's motion for summary judgment, wherein Plaintiff consented to the dismissal of his claim under the ADEA; however, Plaintiff maintained that because genuine issues of material fact remained for trial regarding his Title VII claim, Defendant's motion for summary judgment should be denied as to that claim.

On November 14, 2001, the district court entered its Memorandum of Opinion and Order granting Defendant's motion for summary judgment, finding that no genuine issue of material fact remained for trial

---

* Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

with respect to Plaintiff's claim for reverse gender discrimination under Title VII, and that Defendant was entitled to judgment as a matter of law. The district court entered its corresponding judgment on that same day, and it is from the district court's judgment that Plaintiff now timely appeals.

Having carefully reviewed the district court's Memorandum of Opinion and Order, and having carefully reviewed the parties' briefs, relevant legal authority, and arguments made at oral argument, we conclude that the district court did not err in granting Defendant summary judgment. In light of the district court's thorough opinion, a full written opinion from this Court would be duplicative and would serve no useful jurisprudential purpose.

We therefore AFFIRM the district court's judgment dismissing Plaintiff's case for the reasons set forth in the district court's November 14, 2001, Memorandum of Opinion and Order.